IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03096-BNB

JAMES FAIRCLOTH,

    Plaintiff,

v.

ANNE CIOLEK,
WARDEN MICHAEL MILLER,
ASST. WARDEN WILSON,
CAPTAIN ALONZO GUERRERO,
LIEUTENANT ACKERS,
C.D.O.C. DIRECTOR OF MENTAL HEALTH SERVICES,
MS. NICKELS, Legal Assistant at CCF,
JOY HART, and
DAVE HENNINGER, CEO of CCA,

    Defendants.

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

---

    This matter is before the Court on the "Motion for T.R.O. and a Preliminary Injunction and Declaration in Support of Motion with Memorandums of Law in Support of Motion" (ECF No. 7) filed *pro se* by Plaintiff, James Faircloth, on December 3, 2013. Mr. Faircloth is a prisoner in the custody of the Colorado Department of Corrections (DOC). The specific preliminary injunctive relief Mr. Faircloth seeks is an order enjoining the DOC from denying his requests for copies so that he can serve Defendants and have his own record of his filings; an order directing the DOC to maintain prescribed medications he contends are essential to his mental health; access to the law library to use a keyboard so that he does not have to write by hand; and a

transfer to a different prison where he is not in danger from other inmates. Mr. Faircloth also may be seeking preliminary injunctive relief with respect to unspecified personal property he was told would be destroyed if he did not have sufficient funds to mail the property to someone outside of prison.

The Court must construe the motion for preliminary injunctive relief liberally because Mr. Faircloth is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

Mr. Faircloth is housed at the Centennial Correctional Facility in Cañon City, Colorado. The operative pleading in this action is a Prisoner Complaint pursuant to 42 U.S.C. § 1983 in which Mr. Faircloth alleges that his constitutional rights have been violated. Mr. Faircloth's claims in the Prisoner Complaint raise issues regarding the conditions of his current confinement at the Centennial Correctional Facility as well as the conditions of his prior confinement at the Crowley County Correctional Facility. Mr. Faircloth's allegations in the motion for preliminary injunctive relief also relate to the conditions of his confinement at both the Centennial Correctional Facility and the Crowley County Correctional Facility.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). "Because a

preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Faircloth is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. Faircloth "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Mr. Faircloth "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary

injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Mr. Faircloth fails to demonstrate, clearly and unequivocally, that he is entitled to preliminary injunctive relief. In particular, Mr. Faircloth fails to allege specific facts that demonstrate he will suffer future injury that is irreparable if no preliminary injunction is issued. The preliminary injunctive relief he seeks with respect to denials of copies, access to a keyboard in the law library, and the threatened destruction of his personal property do not implicate injuries that are irreparable. Even with respect to the alleged denial of medication and placement in a dangerous prison, Mr. Faircloth fails to "show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. Mr. Faircloth concedes that he is housed in protective custody and that the decision to discontinue the medication he contends he is not receiving was made by a doctor at a prior facility in which he was housed. Furthermore, it is not clear that Mr. Faircloth is asserting any specific claims in the Prisoner Complaint with regard to the alleged denial of medication and placement in a dangerous prison. Therefore, the motion for preliminary injunctive relief will be denied. Accordingly, it is

ORDERED that the "Motion for T.R.O. and a Preliminary Injunction and Declaration in Support of Motion with Memorandums of Law in Support of Motion" (ECF No. 7) is denied.

DATED at Denver, Colorado, this  9th  day of   December  , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court