IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03096-BNB

JAMES FAIRCLOTH,

      Plaintiff,

v.

ANNE CIOLEK,
WARDEN MICHAEL MILLER,
ASST. WARDEN WILSON,
CAPTAIN ALONZO GUERRERO,
LIEUTENANT ACKERS,
C.D.O.C. DIRECTOR OF MENTAL HEALTH SERVICES,
MS. NICKELS, Legal Assistant at CCF,
JOY HART, and
DAVE HENNINGER, CEO of CCA,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, James Faircloth, is a prisoner in the custody of the Colorado Department of Corrections (DOC). Mr. Faircloth initiated this action by filing *pro se* an "Emergency Prisoner Complaint and 28 USC 1915 Motion" (ECF No. 1). On December 3, 2013, Mr. Faircloth filed on the court-approved form an Amended Prisoner Complaint (ECF No. 5). Mr. Faircloth primarily contends that prison officials have violated his constitutional rights.

The court must construe the Amended Prisoner Complaint liberally because Mr. Faircloth is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the

court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For

the reasons stated below, Mr. Faircloth will be ordered to file a second amended

complaint if he wishes to pursue his claims in this action.

The court has reviewed the Amended Prisoner Complaint and finds that it does

not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice

of the basis for the claims against them so that they may respond and to allow the court

to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and

(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Faircloth fails to provide a short and plain statement of the grounds for the

court's jurisdiction.  The court has subject matter jurisdiction over the constitutional

claims Mr. Faircloth is asserting pursuant to 42 U.S.C. § 1983.  However, Mr. Faircloth

also asserts jurisdiction in the Amended Prisoner Complaint pursuant to a variety of

other federal statutes that have no apparent relevance to the constitutional claims he is asserting in this action. If Mr. Faircloth intends to pursue any claims in this action other than his constitutional claims, he must make clear what those claims are and what statutory authority allows the court to consider those claims. Mr. Faircloth may not assert claims pursuant to the criminal statutes he cites in the jurisdiction portion of the Amended Prisoner Complaint. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

Mr. Faircloth also fails to provide a short and plain statement of his claims showing he is entitled to relief. The Amended Prisoner Complaint is prolix, repetitive, and lacks specific factual allegations in support of each asserted claim. It is clear that Mr. Faircloth intends to assert retaliation and access to the courts claims against Anne Ciolek and Captain Alonzo Guerrero, a due process claim against Lieutenant Ackers, and another access to the courts claim against Ms. Nickels. However, it is not clear whether he intends to assert any additional claims against these Defendants or what specific claims he is asserting against the other named Defendants.

In addition, the retaliation, access to the courts, and due process claims Mr. Faircloth asserts against Anne Ciolek, Captain Alonzo Guerrero, Lieutenant Ackers, and Ms. Nickels are not supported by specific factual allegations showing Mr. Faircloth is

entitled to relief.  To state a cognizable retaliation claim Mr. Faircloth must allege

specific facts that demonstrate the "alleged retaliatory motives were the 'but for' cause

of the defendants' actions."  *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998);

*see also Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (discussing elements of

a constitutional retaliation claim).  To state a cognizable access to the courts claim Mr.

Faircloth must allege specific facts that demonstrate he suffered an actual injury in his

ability to pursue a nonfrivolous legal claim.  *See Lewis v. Casey*, 518 U.S. 343, 349-55

(1996).  To state a cognizable due process claim in the context of a prison disciplinary

hearing Mr. Faircloth must allege specific facts that demonstrate he was denied a

constitutionally protected liberty interest without adequate due process.  *See Wolff v.*

*McDonnell*, 418 U.S. 539, 563-66 (1974) (discussing requirements for prison

disciplinary proceedings that implicate a constitutionally protected liberty interest).

For these reasons, Mr. Faircloth will be directed to file a second amended

complaint that clarifies the claims he is asserting in this action.  Mr. Faircloth must

identify, clearly and concisely, the specific claims he is asserting, the specific facts that

support each asserted claim, against which Defendant or Defendants he is asserting

each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious*

*v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to

state a claim in federal court, "a complaint must explain what each defendant did to him

or her; when the defendant did it; how the defendant's action harmed him or her; and,

what specific legal right the plaintiff believes the defendant violated"); *see also Henry v.*

*Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the

specific constitutional violation complained of [are] essential").  The general rule that *pro*

*se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Mr. Faircloth should not include legal argument in the second amended complaint he will be ordered to file.  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Accordingly, it is

ORDERED that Mr. Faircloth file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Faircloth shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Faircloth fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED December 20, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge