IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03096-BNB

JAMES FAIRCLOTH,

    Plaintiff,

v.

ANNE CIOLEK, Legal Assistant @ CCCF,
CAPTAIN ALONZO GUERRERO,
LIEUTENANT ACKERS,
WARDEN MICHAEL MILLER,
ASST. WARDEN WILSON,
MENTAL HEALTH THERAPIST MR. PLAGGE,
MENTAL HEALTH CLINICIAN VICTOR GARCIA,
MENTAL HEALTH SUPERVISOR JOY HART,
CDOC DIRECTOR OF MENTAL HEALTH SERVICES,
CDOC DIRECTOR OF CLINICAL SERVICES/PHARMACY DEPT.,
MS. NICKELS, Legal Assistant @ CCF,
DAVE HENNINGER, CEO of CCA,
CORRECTIONS CORPORATION OF AMERICA,
DR. KAPRIVNIKAR, M.D.,
DR. WATERS, M.D.,
COLO. DEPT. OF CORRECTIONS,
RICK RAEMISCH, Exec. Dir. of CDOC, and
WARDEN, CCF/Centennial,

    Defendants.

---

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER OR
PRELIMINARY INJUNCTION

---

    This matter is before the Court on the document titled "Declaration of James Faircloth for T.R.O./Preliminary Injunction" (ECF No. 15), which has been docketed as a motion for a temporary restraining order or preliminary injunction. The motion was filed *pro se* by Plaintiff, James Faircloth, on January 9, 2014. Mr. Faircloth is a prisoner in

the custody of the Colorado Department of Corrections (DOC).  Mr. Faircloth alleges in the motion that the DOC and Corrections Corporation of America have transferred him to a dangerous prison where he will be killed by inmates who are waiting for him to be placed in the general population.  Mr. Faircloth also alleges that he is in a dangerous position because he is in a program that has him "chained to tables, where, if an inmate were to slip out of handcuffs, he could attack me while I'm chain[ed] to [a] table with both hands and feet."  (ECF No. 15 at 2.)  Finally, Mr. Faircloth alleges that he has been refused medications that stabilize him by Dr. Waters and Dr. Kaprivnikar and that, because he has been unstable, he has received a prison disciplinary report.  On December 9, 2013, the Court denied a previous motion for a temporary restraining order or preliminary injunction in which Mr. Faircloth also alleged that he had been placed in a dangerous prison and denied medications.

The Court must construe the motion for a temporary restraining order or preliminary injunction liberally because Mr. Faircloth is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  "Because a

preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Similarly, a temporary restraining order is appropriate only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

"[T]he primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Faircloth is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

"[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). Thus, Mr. Faircloth "must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.*

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Therefore, Mr. Faircloth "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 F. App'x 104, 106 (10th Cir. 2007). Furthermore, a party seeking preliminary

injunctive relief "must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Mr. Faircloth fails to demonstrate, clearly and unequivocally, that he is entitled to a temporary restraining order or preliminary injunction. In particular, Mr. Faircloth fails to allege specific facts that demonstrate he will suffer future injury that is irreparable if no temporary restraining order or preliminary injunction is issued. Although Mr. Faircloth alleges he is housed in a dangerous prison, a review of his second amended complaint (ECF No. 12) indicates he is housed in a segregation unit at that prison and not in the general population. Mr. Faircloth does not allege that he has been or will be placed in the general population. As a result, he fails to "show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman*, 348 F.3d at 1189. Therefore, the motion for a temporary restraining order or preliminary injunction relief will be denied. Accordingly, it is

ORDERED that the motion for a temporary restraining order or preliminary injunction (ECF No. 15) is denied.

DATED at Denver, Colorado, this  10th  day of    January   , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court