IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03096-LTB

JAMES FAIRCLOTH,

    Plaintiff,

v.

ANNE CIOLEK, Legal Assistant @ CCCF,
CAPTAIN ALONZO GUERRERO,
LIEUTENANT ACKERS,
WARDEN MICHAEL MILLER,
ASST. WARDEN WILSON,
MENTAL HEALTH THERAPIST MR. PLAGGE,
MENTAL HEALTH CLINICIAN VICTOR GARCIA,
MENTAL HEALTH SUPERVISOR JOY HART,
CDOC DIRECTOR OF MENTAL HEALTH SERVICES,
CDOC DIRECTOR OF CLINICAL SERVICES/PHARMACY DEPT.,
MS. NICKELS, Legal Assistant @ CCF,
DAVE HENNINGER, CEO of CCA,
CORRECTIONS CORPORATION OF AMERICA,
DR. KAPRIVNIKAR, M.D.,
DR. WATERS, M.D.,
COLO. DEPT. OF CORRECTIONS,
RICK RAEMISCH, Exec. Dir. of CDOC, and
WARDEN, CCF/Centennial,

    Defendants.

---

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

---

    Plaintiff, James Faircloth, has filed *pro se* a document titled "Petitioner's Objection to Ruling of Dismissal and Non-Accommodation and Compelled Notice of Reconsideration of Reinstatement of Case" (ECF No. 23) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 21) and the Judgment (ECF No. 22) entered in this action on January 30, 2014.  The Court must construe the document

liberally because Mr. Faircloth is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court construes the document liberally as a motion to alter or amend the judgment pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court dismissed the instant action without prejudice because Mr. Faircloth failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. Despite guidance regarding the pleading requirements and

the facts necessary to state cognizable claims, Mr. Faircloth failed "to provide a short and plain statement of the specific claims he is asserting in this action, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights." (ECF No. 21 at 4.)

Mr. Faircloth does not dispute the Court's conclusion that he failed to file a pleading that provides a clear and concise statements of his claims in this action. Instead, he argues in the motion to alter or amend the judgment that the Court failed to take into consideration his disabilities and appoint counsel to represent him in this action. According to Mr. Faircloth, he "suffers from tangential speech and has No help other than jailhouse lawyers," and the very fact that he is raising claims pertinent to his disabilities "should have been enough to raise flags to the Court, that an advocate is necessary to help [Mr. Faircloth] communicate effectively to the Court." (ECF No. 23 at 1-2.) Mr. Faircloth maintains that he "has put forth good[-]faith efforts, to convey his issues of CDOC's discrimination, and has shown in other Cases, [12-cv-02764-REB-KLM and 12-cv-03317-REB-KLM], that he has Non-frivolous and ongoing harassment issues." (*Id.* at 2.) Thus,

> Petitioner requests and requires a[] licensed advocate to communicate on his behalf to the Court, for his disabilities, and the Court should reverse its order to amend its unequal ruling that prejudices this Petitioner to an undue hardship he still suffers, as he has No one to help him, Now, and prior (inmate) help was insufficient and nonqualified to coach him in litigating his disabilities and how CDOC is discriminating against him. The Court's dismissal belies the very grounds it swore to Protect, by virtue of such dismissal, and counter-intuitive to the ADA and its proscriptions of discrimination, guaranteeing access to programs, services, aids of any

3

> Public Entity, to include the Court(s) programs, aids, and/or services, to include accommodation by an advocate to help communicate adequately to the Court, as a result of the Petitioner's disability(s) pursuant to the ADA.

(*Id.*)

Upon consideration of the motion to alter or amend the judgment and the entire file, the Court finds that Mr. Faircloth fails to demonstrate some reason why the Court should reconsider and vacate the order dismissing this action. As a civil litigant, Plaintiff "has no Sixth Amendment right to counsel." *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court "has discretion to request an attorney to represent a litigant who is proceeding in forma pauperis." *Id.*

The factors to be considered in deciding whether to appoint counsel generally include the merits of the claims, the nature of the factual issues raised, the plaintiff's ability to present his claims, and the complexity of the legal issues being raised. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). It is not enough "that having counsel appointed would have assisted [Mr. Faircloth] in presenting his strongest possible case, [as] the same could be said in any case." *Rucks*, 57 F.3d at 979.

Mr. Faircloth fails to demonstrate appointment of counsel is necessary in this action. Because Mr. Faircloth failed to file a pleading that provides a clear statement of the claims he is asserting, he fails to demonstrate that his claims have merit or that the

legal issues are particularly complex.  With respect to Mr. Faircloth's ability to present his claims, he concedes that he has received assistance from other inmates.  Although he alleges that the assistance he has received was not adequate, the Court notes that Mr. Faircloth also is proceeding *pro se* in two other cases in the District of Colorado and that he has managed to provide a clearer statement of his claims in those actions.  *See Faircloth v. Schwartz*, No. 12-cv-02764-REB-KLM (D. Colo. filed 17, 2012); *Faircloth v. Timme*, No. 12-cv-03317-REB-KLM (D. Colo. filed Dec. 20, 2012).  There is no indication that Mr. Faircloth is unable to do so in this action as well.

For these reasons, the motion to alter or amend the judgment will be denied.  Mr. Faircloth is reminded, however, that the Court dismissed the instant action without prejudice.  Therefore, if he wishes to pursue his claims, he may do so by filing a new action.  Accordingly, it is

ORDERED that the "Petitioner's Objection to Ruling of Dismissal and Non-Accommodation and Compelled Notice of Reconsideration of Reinstatement of Case" (ECF No. 23) is DENIED.

DATED at Denver, Colorado, this  27th  day of   February  , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court